UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM E. TOLBERT,<br><br>            Plaintiff,<br><br>     v.<br><br>CITY & COUNTY OF SAN FRANCISCO DEPARTMENT OF PUBLIC HEALTH, et al.,<br><br>            Defendants. | Case No. 16-cv-00810-JD<br><br>**ORDER RE MOTION TO WITHDRAW AND CONTINUANCE OF DEADLINES**<br><br>Re: Dkt. Nos. 25, 26 |

Plaintiff Kim Tolbert filed this employment discrimination lawsuit as a pro se litigant on February 18, 2016. Dkt. No. 1. Attorneys from The Scott Law firm ("Counsel") appeared on her behalf shortly thereafter, but now seek to withdraw under Civil Local Rule 11-5(a). *See* Dkt. Nos. 15, 25. Defendant City and County of San Francisco (Department of Public Health) does not oppose. Dkt. No. 27. The Court finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b).

The Court denies the motion to withdraw because Counsel have failed to comply with applicable California rules and the Court's Local Rules. Counsel represent that the attorney-client relationship with Ms. Tolbert has irrevocably broken down and pledge that they will seek no fees whatsoever for their work in this matter. Dkt. No. 25-1. But neither the motion nor the accompanying declaration from attorney John Scott actually states that Counsel complied with Civil Local Rule 11-5(a) and provided "written notice . . . given reasonably in advance to the client." Counsel also notably fail to allege any compliance with the provisions of California Rule of Professional Conduct 3-700. Nor do they explain why they should not be subject to the conditional withdrawal provisions of Civil Local Rule 11-5(b), given that their papers are "not

accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se."

If Counsel files a revised motion to withdraw, the Court will require a sworn declaration from the lead attorney establishing that plaintiff was notified under Civil Local Rule 11-5(a) and (b) and that Counsel complied with all the provisions of California Rule of Professional Conduct 3-700.  The declaration should describe at a high level and without violating attorney-client confidentiality the efforts undertaken to obtain Ms. Tolbert's consent to the withdrawal, and certify that those efforts were unsuccessful.  If Counsel believe they have compelling reasons for being excused from the conditional withdrawal requirements of Civil Local Rule 11-5(b), those should also be described in the declaration to the degree consistent with Counsel's ongoing duties to Ms. Tolbert.

At the parties' request, and in light of this order, the Court grants the joint stipulation to continue case management deadlines.  Dkt. No. 26.  The amended complaint will be filed July 13, 2016.  The case management conference is moved to July 20, 2016.  The Federal Rule of Civil Procedure 26 disclosures and case management statement are due a week before the conference.

**IT IS SO ORDERED.**

Dated: June 3, 2016

JAMES DONATO
United States District Judge