UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM E. TOLBERT, <br>     Plaintiff, <br>     v. <br> CITY & COUNTY OF SAN FRANCISCO DEPARTMENT OF PUBLIC HEALTH, et al., <br>     Defendants. | Case No. 3:16-cv-00810-JD <br><br> **ORDER RE MOTION TO DISMISS** <br> Re: Dkt. Nos. 48, 49 |

Pro se plaintiff Kim Tolbert alleges race-based employment discrimination, unlawful retaliation, and a hostile work environment in violation of Section 1981, 42 U.S.C. § 1981, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, by defendants the City and County of San Francisco ("CCSF") and Barbara Garcia, the director of CCSF's Department of Health. Dkt. No. 44. CCSF and Garcia have each moved to dismiss for failure to state a claim under Rule 12(b)(6). Dkt. Nos. 48, 49.

In civil rights cases by pro se plaintiffs, the Court will "construe the pleadings liberally and . . . afford the [plaintiff] the benefit of any doubt." *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). "However, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

The elements of an employment discrimination claim under Section 1981 or under Title VII are: (1) membership in a protected class; (2) qualification for the job; (3) an adverse employment action; (4) circumstances giving rise to an inference of discrimination, including that similarly situated individuals not in the protected class received more favorable treatment. *Fonseca v. Sysco Food Servs. of Arizona, Inc.*, 374 F.3d 840, 847-850 (9th Cir. 2004). The

elements for a hostile work environment claim are: (1) subjection to verbal or physical conduct due to race; (2) the conduct was unwelcome; and (3) the conduct was so severe or pervasive that it created an abusive work environment. *Manatt v. Bank of America, NA*, 339 F.3d 792, 798 (9th Cir. 2003). Finally, the elements of a retaliation claim under Title VII are: (1) involvement in a protected activity; and (2) an adverse employment action that was (3) causally linked to the protected activity. *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000).

Turning to the sufficiency of the allegations against CCSF, Tolbert alleges that she is the only African-American woman employed as an accountant at CCSF's Department of Health. Dkt. No. 44 at 4. Tolbert says that on the basis of her race, she has been "subject to a different employment standard" than similarly situated employees in her department. Dkt. No. 44 at 5. For example, other staff members were allowed to work remotely without supervisory management, while plaintiff was "consistenly [sic] harassed for attendance reporting, discipinary [sic] meetings or countless work performance standards at the worksite." Dkt. No. 44 at 8. At the pleading stage, these facts are enough for a Title VII or a Section 1981 race discrimination claim.

Tolbert's Section 1981 claim against CCSF is inadequate, however, because she makes only conclusory allegations of a municipal "custom or practice," a necessary element in a Section 1981 suit against a municipality. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1215 (9th Cir. 1996). Factually bare allegations of an informal discriminatory custom or practice are insufficient. *AE ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012).

Next, Tolbert alleges that after she lodged a whistleblower's complaint with CCSF, her supervisor would "[f]requently allow new staff to remove plaintiff responsible [sic] work Assignments from files or work desk desk [sic] then unfairly targeting Work performance for documents not within plaintiff [sic] control." Dkt. No. 44 at 7. The Court takes this to mean that Tolbert's supervisor allowed or instructed other employees to keep Tolbert from accessing files that she needed to perform her job. Again, at the pleading stage, these facts are enough for a Title VII retaliation claim.

In contrast to the Title VII discrimination and retaliation claims, Tolbert's hostile work

environment claim under Title VII is inadequate. Verbal or physical conduct actionable through a hostile work environment claim must be "severe" and "pervasive." *Manatt*, 339 F.3d at 799. Even read generously, the verbal and physical incidents alleged -- that Tolbert was called a "troublemaker" by compliance manager Melissa Bloom, Dkt. No. 44 at 8, or that Tolbert had a workplace confrontation with supervisor Paul Kao, *id.* at 7 -- were not severe or pervasive. *See Manatt*, 339 F.3d at 799 (listing cases finding no hostile work environment).

Turning to the sufficiency of the complaint against the individual defendant, Garcia says she should be dismissed because she was served with the amended complaint but not the summons, as the Federal Rules of Civil Procedure Rule 4 requires. Dkt. No. 49 at 2, 5. This is too technical a ground for dismissal. "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint. Nonetheless, without substantial compliance with Rule 4 neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (internal citations and quotations omitted). Here, Tolbert substantially complied with Rule 4, and Garcia's receipt of the amended complaint sufficed to put her on notice.

But Tolbert's claims against Garcia are inadequate for other reasons. It is well-established in our circuit that individual defendants cannot be held liable for damages under Title VII. *Miller v. Maxwell's Intern. Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993). That leaves only Tolbert's Section 1981 claim. Tolbert has not alleged facts showing Garcia's involvement in setting different employment standards for Tolbert. Tolbert's allegations, as they pertain to Garcia, establish at best that Garcia did not respond to Tolbert's complaints about discrimination. Ineffective investigation is not an "adverse employment action" under Section 1981. *See Chuang v. Univ. of California Davis, Bd. of Trustees*, 225 F.3d 1115, 1126 (9th Cir. 2000); *Smith v. State of California Dep't Highway Patrol*, 75 F. Supp. 3d 1173, 1180 (N.D. Cal. 2014).

The amended complaint as against Garcia is dismissed without prejudice. For CCSF, the Section 1981 race discrimination claim and Title VII hostile work environment claim are dismissed without prejudice. The race discrimination claim under Title VII, as well as the

3

unlawful retaliation claim under Title VII, survive the motion to dismiss. Pursuant to the order of May 6, 2016, Dkt. No. 22, plaintiff's Section 1985 claims are dismissed with prejudice. If the plaintiff wishes to amend, she must do so by **October 31, 2017.**

**IT IS SO ORDERED.**

Dated: September 29, 2017

JAMES DONATO
United States District Judge